NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE SAKSA-MYDLOWSKI, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> FORD MOTOR COMPANY, et al., : <br> : <br> Defendants. : <br>———————————————————: <br> : <br> FORD MOTOR COMPANY, : <br> : <br> Third-Party Plaintiff, : <br> : <br> v. : <br> : <br> ONE BEACON INSURANCE f/k/a : <br> CGU INSURANCE COMPANY, : <br> : <br> Third-Party Defendant. : | Civil No. 02-2950 (AET) <br><br> **MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J.

This matter is before the Court on Third-Party Defendant One Beacon Insurance f/k/a CGU Insurance Company's ("CGU") Motion to Dismiss the Third-Party Complaint of Ford Motor Company ("Ford") pursuant to Fed. R. Civ. P. 12(b)(6) and 14(a). The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Third-Party Defendant's motion is granted.

BACKGROUND

On June 23, 2000, the Saksa-Mydlowski family was involved in a single-vehicle automobile accident during which their 1999 Ford Explorer rolled over several times, causing serious injuries to Catherine Saksa-Mydlowski.  Plaintiffs subsequently brought this action against Ford and Bridgestone/Firestone, Inc., alleging that Ford's defective design of the 1999 Explorer caused instability and increased the propensity for rollovers.  Because the Complaint included an allegation of tire failure from a defect in tires manufactured by Bridgestone/Firestone, the case was transferred in October 2002 to the United States District Court for the Southern District of Indiana pursuant to an order from the Multi-District Litigation Panel ("MDL").

In August 2003, Ford moved for Summary Judgment based on spoliation of the vehicle. The vehicle had been sold at auction, and was then salvaged, prior to the commencement of the lawsuit.  The district court held that summary judgment was not available to Ford because the physical presence of the vehicle is not necessary in rollover propensity cases, and that Ford would not be unduly prejudiced in defending against Plaintiffs' claims.  Ford's subsequent motion for reconsideration of that decision was denied.

The case was remanded to this Court on March 28, 2005.  On September 9, 2005, this Court granted Ford's Motion for Leave to Join CGU as a Third-Party Defendant.  Ford served the Third-Party Complaint upon CGU on September 30, 2005, alleging one count of negligence stemming from the destruction of the vehicle.  This motion followed.

DISCUSSION

A.         The Legal Standard

The Court may grant a motion to dismiss for failure to state a claim upon which relief can

be granted under Fed. R. Civ. P. 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).  Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Id.

B.      Negligent Spoliation of Evidence

Although New Jersey appellate courts have not recognized a distinct tort of negligent spoliation of evidence, they have permitted claims of negligent destruction of evidence to be brought by tort plaintiffs against third-parties under traditional negligence principals.  See Gilleski v. Comm. Med. Ctr., 336 N.J. Super. 646, 652 (App. Div. 2001).  To state a cause of action for negligence, a plaintiff must plead (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach.  Id. (citing Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997)).

The determination of whether a duty to preserve evidence exists is a question of law that is properly decided by the court.  Id. at 653; see also Aetna Life & Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 365 (App. Div. 1998).  In a claim that a third-party has negligently disposed of evidence, the scope of the duty to preserve evidence has been stringently limited by New Jersey courts to four situations.  Such a duty may be created: (1) when the third-party "has knowledge of a pending or potential lawsuit and accepts responsibility for evidence that would be used in that lawsuit"; (2) by the third-party "voluntarily undertaking to preserve the evidence and a plaintiff reasonably and detrimentally relying thereon"; (3) by an agreement to preserve the evidence between the third-party and the plaintiff; or (4) by a specific request to the

third-party to preserve a particular item.  Gilleski, 336 N.J. Super. at 654-55 (citing Smith v. Atkinson, 771 So. 2d 429, 432 (Ala. 2000) and Johnson v. United Serv. Auto. Ass'n, 79 Cal. Rptr. 2d 234, 239 (Ct. App. 1998), abrogated by Lueter v. California, 115 Cal. Rptr. 2d 68 (Ct. App. 2002)).  "A third party's constructive notice of a pending or potential action is not sufficient to force upon the third party the duty to preserve evidence."  Id. at 655.

Ford cites no New Jersey cases to support its proposition that an insurance company has a duty to a party besides its insured to preserve evidence in its possession when it knows of the potential for litigation.  Indeed, Ford cites no authority indicating that the New Jersey appellate courts or the New Jersey Supreme Court would permit any tort defendant to bring a claim of negligent destruction of evidence against a third-party.  Although some of the language of Gilleski might be amenable to such an interpretation, the New Jersey courts as yet have not chosen to extend the State's law to cover that situation.  Thus, neither will this Court do so.  Accordingly, the Court rules that CGU owed no duty to Ford to preserve the vehicle in question.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 7th day of April, 2006,

ORDERED that Third-Party Defendant's Motion to Dismiss [25] is GRANTED.

                                              s/Anne E. Thompson
                                          ANNE E. THOMPSON, U.S.D.J.